**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

BRIAN BARRY, individually and on behalf
of all others similarly situated,

Plaintiff,

v.

NBT BANK, N.A., SUNGAGE
FINANCIAL, LLC,

Defendants.

No. 25-cv-14708

**OPINION**

---

**WILLIAM J. MARTINI, U.S.D.J.:**

In his putative Amended Class Action Complaint (the "ACAC" or "Complaint"), Plaintiff Brian Barry ("Plaintiff") asserts a violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.* (the "NJCFA" or "Act"), against Defendants NBT Bank, N.A. ("NBT") and Sungage Financial, LLC ("Sungage"). Before the Court are NBT's Motion to Dismiss (the "NBT Motion"), and Sungage's Motion to Dismiss (the "Sungage Motion") (collectively, the "Motions"). ECF Nos. 29, 32. For the reasons stated herein, the Motions are **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND

The Court accepts the following facts as true only for the purposes of resolving the Motions. In February 2025, Plaintiff obtained a loan from NBT to finance the purchase of a solar system to be installed on his residence (the "Loan"). ACAC ¶ 34. The "Amount Financed" under the Loan ($101,622.27) was to be paid by NBT to non-party installer "Team Sunshine." *Id.* ¶¶ 35-36. While Plaintiff received a loan approval notice reflecting the Amount Financed, he asserts "[Defendants] intentionally did not provide any itemization of the constituent parts of the $101,622.27," because they aimed to "obscure the value of the solar system." *Id.* ¶¶ 40-41. According to Plaintiff, the true cost of the solar system is approximately $57,000, meaning that Defendants applied an undisclosed markup of over $44,000 to the Loan (the "Markup"). *Id.* ¶ 45. Moreover, Plaintiff states that when NBT originated the Loan, it "collected a fee for an undisclosed amount . . . that NBT and Sungage knowingly hid from Plaintiff" and thereafter pocketed for their own financial gain (the "Hidden Fee"). *Id.* ¶ 46. Defendants' practices of (1) making affirmative representations regarding the solar system's cost, the amount of the Loan, and to whom the Loan proceeds would be paid; and (2) failing to disclose the Markup and Hidden Fee, Plaintiff alleges, violate the NJCFA's prohibitions on any misrepresentations, omissions, or unconscionable commercial practices.[1] *Id.* ¶¶ 76-82 (citing N.J.S.A. § 56:8-2).

---

[1] While the Complaint contains only one count, Plaintiff challenges Defendants' actions on multiple grounds under the NJCFA. *See BCR Carpentry LLC v. FCA US, LLC*, No. 21-cv-19364, 2023 WL 11867230, at *7 (D.N.J. Dec. 22,

1

## II.   DISCUSSION

Defendants invoke Rules 8, 9(b), and 12(b)(6) as grounds for dismissing the Complaint. NBT Mot. 3, 9; Sungage Mot. 1-3.   The Court addresses each argument in turn.

### 1.  Rule 8

Federal Rule of Civil Procedure 8—and Rule 9(b), for that matter—generally prohibits "lumping" Defendants together in a complaint. *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386 (D.N.J. 2019).   Not every such instance violates the Rules, however. *Kong v. Johnson & Johnson*, No. 23-cv-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024).   If a complaint "forc[es] both the Defendants and the Court to guess who did what to whom when," it warrants dismissal under Rule 8. *Yu-Chin Chang v. Upright Fin. Corp.*, No. 19-cv-18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020).   Where multiple defendants are alleged to have acted in concert, Rule 8 is likely satisfied because the Court need not make such a guess. *See Corbin v. Bucks Cnty.*, 703 F. Supp. 3d 527, 533 (E.D. Pa. 2023) (declining to grant dismissal under Rule 8 "when multiple defendants [were] accused of acting jointly").   Courts may also relax this standard where plaintiffs cannot reasonably be expected to know "the degree of each Defendant's involvement at this stage in the litigation and prior to discovery." *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-cv-2765, 2017 WL 1902160, at *9 (D.N.J. May 8, 2017).

Defendants contend that the Complaint is littered with allegations lacking the requisite specificity as to which Defendant did what.   Sungage Mot. 14; NBT Mot. 9.   This does not necessarily violate Rule 8, since the Complaint alleges that NBT and Sungage acted in concert. ACAC ¶ 23 (alleging "NBT and Sungage acted jointly, interdependently, and in tandem"); *see Corbin*, 703 F. Supp. 3d at 533.   Moreover, the Complaint contains particularized allegations as to NBT, *id.* ¶ 36 (describing how NBT collected the Hidden Fee), and Sungage. *Id.* ¶ 17 (alleging that Sungage represented it provides "no fee[ ]" financing options").   And given that Defendants are likely the sole possessors of information like their precise roles in the alleged scheme, this too weighs against dismissal under Rule 8. *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 226 (D.N.J. 2020) (citing *Yu-Chin Chang*, 2020 WL 473649, at *3).   Thus, the Court finds that the Complaint satisfies Rule 8's liberal pleading standard.

### 2.  Rule 9(b)

NJCFA claims that "sound in fraud" are subject to the particularity requirement of Federal Rule of Civil Procedure 9(b). *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 524 (D.N.J. 2008). This means a plaintiff must "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Grant v. Turner*, 505 F. App'x 107, 111 (3d Cir. 2012) (citation modified).   In other words, Rule 9(b) requires pleading the "who, what, when, where, and how of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (citation modified).

---

2023) (stating that one NJCFA claim can be pled by a "combination of affirmative acts, unconscionable and deceptive commercial practices, [and] omitting material facts").

2

In dispute, however, is which of Plaintiff's claims sound in fraud. NBT Mot. 7; Sungage Mot. 13; Pl.'s Opp'n 16-17. Plaintiff argues that his claims are for affirmative misrepresentations, ACAC ¶¶ 45-46 (describing Defendants' misrepresentations regarding the cost of the solar system and amount of the Loan); omissions, *id.* ¶ 47 (describing how Defendants conceal the Markup and Hidden Fee from their loan contracts); and unconscionable commercial practices. *Id.* ¶¶ 50-51; *see also* Pl.'s Opp'n 1, ECF No. 33. According to Plaintiff, then, Rule 9(b)'s heightened pleading standard is inapplicable to his last claim, but he concedes that it applies to his other claims. Pl.'s Opp'n 16. Because fraud and unconscionable commercial practices claims are distinct under the NJCFA, the Court will apply Rule 9(b) only to Plaintiff's affirmative misrepresentation and omission claims, and not his unconscionable commercial practices claim. *See Ciser v. Nestle Waters N. Am. Inc.*, 596 F. App'x 157, 160-63 (3d Cir. 2015)

Plaintiff's affirmative misrepresentation and omission claims comply with the strictures of Rule 9(b). The Complaint alleges in sufficient detail that: (1) NBT and Sungage acted in concert to misrepresent the cost of the solar system in the Loan Agreement because the Amount Financed did not account for the Hidden Fee and Markup, ACAC ¶ 53; (2) NBT and Sungage acted in tandem to omit the Hidden Fee and Markup from the Loan Agreement, *id.* ¶¶ 46-47; and (3) NBT and Sungage acted jointly to misrepresent that all Loan proceeds are paid to Team Sunshine. *Id.* ¶ 36. This is enough detail to survive a Rule 9(b) challenge, especially where, as here, Plaintiff cannot be expected to know every intricacy of his claim prior to discovery, such as the amount of the Hidden Fee. *See In re Volkswagen*, 2017 WL 1902160, at *9; *Corbin*, 703 F. Supp. 3d at 533.

### 3. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for a complaint's dismissal if it fails to state a claim upon which the court can grant relief. The Court, accepting all well-pleaded allegations in the complaint as true, will grant a motion to dismiss only if the plaintiff fails to plead "sufficient factual matter to show that the claim is facially plausible." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While a complaint's factual allegations are presumed to be true, this does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding the Motions, the Court considers the documents "integral or explicitly relied on in the complaint," such as the purchase agreement between Team Sunshine and Plaintiff, NBT Mot. Ex. A (the "Purchase Agreement"), and the loan agreement between NBT and Barry (the "Loan Agreement"), *id.* Ex. B; *see generally* ACAC.[2] *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court does not consider Defendants' declarations attached to the Motions. *See Berry v. Klem*, 283 F. App'x 1, 4 (3d Cir. 2008).

### 4. NJCFA

Because the NJCFA is remedial legislation, courts should construe the Act broadly. *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 15 (1994). The three elements of any NJCFA claim are: (1) the defendant's unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the two. *Ciser*, F. App'x at 160. The three categories of unlawful conduct are affirmative

---

[2] The Loan Agreement is also appended to the Sungage Motion. *See* Sungage Mot. Ex. 2. As is a similar iteration of the Purchase Agreement. *Id.* Ex. 1. Plaintiff does not dispute the authenticity of these documents.

representations, knowing omissions, and regulation violations, *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 372 (D.N.J. 2015), although the Act's reach was later expanded to prohibit "unconscionable commercial practices." *Cox*, 138 N.J. at 15.

An affirmative misrepresentation is "one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase." *Mladenov*, 124 F. Supp. 3d at 373. A claim for misrepresentation need not allege the defendant's intent, while an omission claim must do so. *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 556 (2009). To establish an omission, the Complaint must allege (1) knowing concealment; (2) of a material fact; (3) a duty to disclose; and (4) Defendant's intent that the plaintiff relies on the concealment. *BCR Carpentry LLC*, 2023 WL 11867230, at *11.

"Unconscionable commercial practices," on the other hand, lack the tidy analytical frameworks its statutory counterparts have. *D'Agostino v. Maldonado*, 216 N.J. 168, 184 (2013). As a result, "[t]he New Jersey Supreme Court has instructed courts to 'pour content' into the term on a case-by-case basis." *Ciser*, 596 F. App'x at 160. Ambiguities notwithstanding, there is relative consensus that an unconscionable commercial practice is marked by a "lack of good faith, honesty in fact and observance of fair dealing." *Id.* at 161 (quoting *Cox*, 138 N.J. at 18). Indeed, the term is given a broader construction than other unlawful acts barred by the NJCFA. *See Truex v. Ocean Dodge, Inc.*, 219 N.J. Super. 44, 49 (App. Div. 1987) ("It is not necessary to show actual deceit or a fraudulent act; any unconscionable commercial practice is prohibited"). Courts have found that charging hidden fees can constitute an unconscionable commercial practice under the Act. *Little v. Ambit Energy Hldgs., LLC*, No. 16-cv-8800, 2017 WL 6559907, at *7 (D.N.J. Dec. 21, 2017).

In addition to an unlawful practice, the plaintiff must also demonstrate an ascertainable loss. This element is properly pled where the loss is "definite, certain, and measurable," and not "merely theoretical." *Bosland*, 197 N.J. at 558. Overcharges satisfy this element. *Id.* at 559. As do hidden fees. *Doherty v. The Hertz Corp.*, No. 10-cv-359, 2010 WL 4883487, at *7 (D.N.J. Nov. 24, 2010); *Katz v. Live Nation, Inc.*, No. 09-cv-3740, 2010 WL 2539686, at *6 (D.N.J. June 17, 2010). The last element, causation, requires a plaintiff to plead that the unlawful conduct caused their loss. *Cox*, 138 N.J. at 23. Causation may be shown by alleging a "causal nexus" between the conduct and loss. *Mladenov*, 124 F. Supp. 3d at 377. Put differently, plaintiff's alleged losses must be "particularly proximate" to defendant's unlawful acts. *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 437 (D.N.J. 2012). Privity of contract between the parties is not required to find a causal nexus. *See Matera v. M.G.C.C. Grp., Inc.*, 402 N.J. Super. 30, 39 (Law Div. 2007) (holding that this element "requires no contact between the parties"); *M&M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*, 653 F. Supp. 3d 162, 169 (D.N.J. 2023) ("The NJCFA does not require a direct relationship, or privity, between plaintiff and defendant").

### a. Misrepresentation Claims

Plaintiff satisfies the first two elements of his NJCFA claim against each Defendant. The Complaint states that NBT and Sungage, through the Loan Agreement, misrepresented the cost of the solar system and the terms of the Loan. ACAC ¶¶ 36, 45-46. Defendants' representations regarding the Loan and who would receive the Amount Financed duly qualify as affirmative misrepresentations under the Act, as they are factual, alleged to be false, and central to the transaction. *See Mladenov*, 124 F. Supp. 3d at 373. The second element is met because the Complaint alleges an ascertainable loss in the form of Plaintiff's obligation to repay a loan

4

encumbered with a Markup and Hidden Fee. ACAC ¶¶ 55-56; *see Katz*, 2010 WL 2539686, at *6; *Bosland*, 197 N.J. at 559.

While NBT asserts that, because it was not a party to the Purchase Agreement, it could not have misrepresented the cost of the solar system, this argument fails. NBT Mot. 9. The Complaint sufficiently alleges that NBT made misrepresentations in the *Loan Agreement*. ACAC ¶¶ 35-37; NBT Mot. Ex. B. Sungage advances similar arguments. *See* Sungage Mot. 6. Regardless, the Complaint alleges that Sungage has represented elsewhere that it "provides homeowners with consumer-friendly financing options to go solar and save more money," ACAC ¶ 17, and such financing is available "with no fees." *Id.* These alleged misrepresentations support a claim that withstands dismissal.

The third element, a causal link between Defendants' misrepresentations and Plaintiff's losses, is satisfied as well. Beginning with NBT, the Court finds that the Complaint sufficiently pleads a causal nexus between NBT's misrepresentations regarding the Amount Financed and Plaintiff's losses. ACAC ¶¶ 53-55 (describing NBT's misrepresentations in the Loan Agreement and how, without them, Plaintiff "would not have agreed to the Loan"). While NBT claims it "just provided the funding," NBT Mot. 11, in so doing it made alleged misrepresentations regarding to whom the funding would be paid. ACAC ¶¶ 35-36. Because all three elements of Plaintiff's affirmative misrepresentation claim against NBT are satisfied, NBT's motion to dismiss said claim is **DENIED**.[3]

As for Sungage, the Court finds that the Complaint again sufficiently pleads causation. The Complaint states a causal nexus between Sungage's misrepresentations regarding its financing options and Plaintiff's alleged losses. ACAC ¶¶ 17, 53-55; *Mickens*, 900 F. Supp. 2d at 437. In its brief, Sungage relies heavily on the Third Circuit decision in *Migliore v. Vision Solar LLC*, 160 F.4th 79 (3d Cir. 2025). There, the court affirmed the dismissal of plaintiff's NJCFA claim against two companies that finance residential solar systems. *Id.* at 84. In doing so, it rejected plaintiff's arguments that the companies were vicariously liable for a salesman's violations of the Act, or, in the alternative, they were directly liable for the same. *Id.* at 90-91.

*Migliore* is distinguishable. First, as Sungage correctly notes, Plaintiff does not plead vicarious liability. Sungage Mot. 2. While Sungage argues that Plaintiff's claim "necessarily is predicated on agency theory," the Court is not persuaded. *Id.* Plaintiff need not allege that Team Sunshine was Sungage's agent because he has sufficiently alleged that Sungage itself made violative misrepresentations. ACAC ¶¶ 52-55; *see also* Pl's Opp'n 19. This is true even if there was no contractual relationship between them. *Matera*, 402 N.J. Super. at 39 (opining that "privity need not exist between defendant and the consumer" to state a claim under the NJCFA); *M&M Trucking Gudullu*, 653 F. Supp. 3d at 169. Second, while the *Migliore* court found that plaintiff's claim did not comply with Rule 9(b), that is of no moment here for reasons explained *supra*. *See* Section II.2. Therefore, Plaintiff has demonstrated each element of an affirmative misrepresentation claim against Sungage. The Sungage Motion to dismiss the same is **DENIED**.

---

[3] The Court finds NBT's other arguments against this claim, such as that it "rests on the implausible premise that NBT, as lender, would seek to make a loan for an amount that substantially exceeded the value of its collateral," and that the Loan Agreement's merger provision bars Plaintiff's claim, to be inapposite. NBT Mot. 10

5

### b. Unconscionable Consumer Practices Claims

Plaintiff's unconscionable commercial practices claims against NBT and Sungage survive for largely the same reasons. Plaintiff has alleged an ascertainable loss and causation; the only remaining issue is whether the Complaint adequately alleges that Defendants' conduct constitutes unconscionable commercial practices. The Court concludes that it has. The alleged practices of "obscur[ing] the true cost of the solar system" through applying a Markup and Hidden Fee, failing to provide an itemization of the system's cost, and making misrepresentations and omissions regarding the Loan evince a lack of fair dealing that is a hallmark of unconscionable commercial practices claims. *See Ciser*, 596 F. App'x at 160; *Little*, 2017 WL 6559907, at \*7; ACAC ¶¶ 78-79. Accordingly, insofar as the Motions seek dismissal of Plaintiff's claims for unconscionable commercial practices, they are **DENIED**.

### c. Plaintiff's Omission Claims

Finally, because the Complaint does not sufficiently plead that either Defendant had a duty to disclose the existence of the Hidden Fee or the Markup, the omissions claims must be dismissed. *BCR Carpentry LLC*, 2023 WL 11867230, at \*11. With respect to Plaintiff's claims for omissions, the Motions are **GRANTED**.

## III.   CONCLUSION

For the foregoing reasons, the Motions are **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims against Defendants for affirmative misrepresentations and unconscionable commercial practices may proceed. An appropriate order follows.

Date: March 31, 2026

_____
WILLIAM J. MARTINI, U.S.D.J.